May it please the Court, I'm Bobbi Stein. I'm here today representing Manuel Franco. Though my time is short, I'd like to attempt to reserve one minute for rebuttal. In the time that I do have, I will address two related issues. The Court's abuse of discretion in denying adequate funding for the FBI practices expert Wettick, and the Court's error in denying the requested duress instruction. This morning's arguments represent a microcosm of the reality in which all these cases were tried. Starting with 35 defendants, over five years of litigation, four prior trials, evidence of horrific crimes, many lawyers, only one judge. Judge Alsup presided over everything. There's no doubt that the enormity and complexity of these cases influenced his ruling in Mr. Wettick's case. His August 17, 2011 ruling denying more funding for Mr. Wettick demonstrates his abuse of discretion, where he clearly made his ruling based on evidence in other cases. He ruled that to date the evidence supported his finding that Mr. Franco, if he committed the acts as alleged, he did so without the blessing of the government. There were two trials where she was, quote, examined by both the defense and the government. But there was no evidence to date in this case. This was a pretrial request. Mr. Franco was not represented at those other trials. His interests were not represented. Defense counsel was not present at those trials. The judge conflated Mr. Franco's case despite the fact that he had previously severed the cases, recognizing that they had antagonistic defenses, but now he was treating them as one giant case. Mr. Franco's defense was about a lot more than Agent Flores' testimony. Trial counsel outlined in detail why she needed money to develop her defenses in light of Mr. Franco's long history and successful history of working with the government. Mr. Franco's defense was to be reviewed by one of his handlers, Agent Flores, in October of 2007. And the court actually agreed with this. In his June 24, 2011 order, he gave the defense $1,000 to, quote, determine if the FBI and DOJ had violated their own policies in handling Mr. Franco. Nonetheless, after the expert preliminarily determined that, indeed, there had been those breaches, he refused to give the defense any more money. He said Mr. Wettick could not testify at trial, but this, too, was an abuse of discretion because there was no offer of proof. That wasn't the issue before the court, whether or not Mr. Wettick would be able to testify. So there was no basis to rule that his testimony would be excluded. The defense could properly ask for money for an expert to develop her case for non-testimonial reasons. There were 500 gigabytes of information in this case. It was very complex. She needed help in interpreting this and understanding FBI protocol. The error was compounded where the judge later disallowed the duress instruction. There's a very low threshold for the duress instruction. There just needs to be some evidence. In fact, the court found there was some evidence because the defense made a proffer, and the government, in their in limine motion, asked to preclude the defense of duress. And Judge Alsop said, no, I'm going to allow it, and then he was going to make the determination later with regard to the jury instruction. But the evidence of trial bore out the proffer and more. So there was no reason to then disallow the instruction itself. Counsel, did you want to save some rebuttal time, or you may continue if you wish, but... I just want to make one other point, and then I will save the rest of my remaining seconds, is that the judge himself found some evidence in the record when he ruled that the defense would be allowed to present evidence of duress. In the case of an assault that happened on Mr. Franco while he was in custody, he said that it was minimally plausible, that it was related to threats that happened against Mr. Franco earlier. So he himself, in his rulings, demonstrated that there was evidence in the record for duress. May it please the Court, Sangita Rao, on behalf of the United States. Turning first to the FBI practices expert, the district court did not abuse its discretion in denying funds for expert WEDEC. In order to prove this claim, the defendant must show by clear and convincing evidence that the expert was not merely helpful, but necessary for adequate representation. That's under 18 U.S.C. 3006a, and he failed to do so. The defendant claims he needed more funds to adequately understand FBI protocol, in support of his public authority defense and some of his other defenses. But he had a lot of tools to understand FBI protocol. The district court pointed out that Agent Flores and many of the other agents had already testified in the big trial at that point, and been extensively cross-examined on FBI protocol for handling informants. That gave the defendant a great deal of information on FBI policies. Then, the district court authorized funds for a defendant to retain WEDEC. He authorized $1,000 to determine whether the FBI in DOJ had indeed violated its own policy, when handling Franco. That was sufficient for the defendant to understand FBI practices. In asking for additional funds, the defendant didn't articulate a specific need to understand FBI policies better. He basically, his essential claim was that he needed WEDEC's expertise to show that Franco's actions, inactions, and beliefs were reasonable. But WEDEC was not a psychological expert, and therefore couldn't offer qualified expert testimony on what Franco himself believed. That's not the kind of testimony that the agents offered. The agents did not say what a reasonable informant would believe or what Franco believed. The agents simply testified about what the policies were and what they did in the particular case. Whether the FBI could have monitored Franco better wasn't particularly pertinent to the main issue the jury had to decide for his primary defense, and that was, was Franco in fact authorized to commit the crimes he committed? In, in light of the very limited probative value any of the, what WEDEC had, would offer, the court had to balance whether any testimony he offered or any of the assistance that would have led to the testimony would shift the jury's focus away from determining what Franco himself believed in the context of trial and usurp the jury's role. Finally, there was no prejudice because the defendant was able to present the substance of his primary defenses without WEDEC's assistance through cross-examination and argument. As far as the duress instruction, we'll rest on our brave for that unless the court has any questions. I don't believe that we do. Thank you. We'll put 30 seconds on the clock, please. I'll talk really fast. That's all right. We'll just let it go. You don't have to worry about it. The defense didn't have to prove that the expert would, would have ultimately been successful. So the, the whole idea is a defendant is entitled to a defense, and the defense needs the tools to be able to develop that defense, and Mr. WEDEC was important to understanding this massive amount of information, and cross-examining the agents wasn't going to resolve the pretrial issues that needed to be developed with regard to how the breach and protocol might have affected Mr. Franco's actions and his intent, particularly when he was left abandoned with no protection after Agent Flores left. That would have gone to his duress instruction, and perhaps if he had a, if the judge would have allowed more information, more developed, he would be able to present more evidence that would have satisfied Judge Alsup with regard to instructing on the duress instruction. Thank you, counsel. The case just argued is submitted. Again, we appreciate and thank both counsel for their helpful presentations, and we will stand adjourned for this morning's session.
judges: McKeown, Graber, Christen